KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
email: ktkennedylaw@gmail.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VENESSIA BUMPAS, | 2:22-CV-0799-CDS-BNW |
| Plaintiffs, | |
| vs. | |
| CDLC FARM, INC., a Nevada corporation DOES 1-10; ROE I-X, | |
| Defendant. | |

**AMENDED COMPLAINT**
**Jury Trial Demanded**

COMES NOW, the Plaintiff, VENESSIA BUMPAS, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., who files this amended complaint against the Defendant and would allege as follows:

1. Plaintiff, VENESSIA BUMPAS, is a resident of Clark County, Nevada and did so reside herein during all events complained of in this action.

2. Defendant, CDLC FARM, INC. is a Nevada corporation licensed to operate in Nevada, which did so operate or conduct business in Clark County, Nevada during all events complained of in this action.

3. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants so named herein as Doe and/or Roe Corporations, are unknown to Plaintiff, who therefore sues said Defendants with such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants designated here as Doe or Roe

1

are responsible in some manner for the events and happenings herein referred to and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will ask leave of court to amend the complaint to insert the true names and capacities of Doe or Roe when the same have been ascertained and will join said Defendants in this action.

4. Both jurisdiction and venue are appropriate as the events complained of occurred in Clark County, Nevada; the Defendant did exist, reside and/or operate in Clark County; and, further, the Defendant has removed the original action from the Eighth Judicial District Court to the above-entitled United States District Court pursuant to its notice of removal filed on May 19, 2022, ECF 3, based on federal question jurisdiction.

5. Defendant CDLC Inc. is a Nevada corporation which owns and operates a certain children's school and children's day care facility in Las Vegas, Clark County, Nevada, since on or about 2019.

6. Since 2019, and before with a previous owner, Plaintiff was employed as an Executive Director at the Defendant's facility in Las Vegas, Nevada.

7. On or about March, 2022, Plaintiff's employment was terminated and/or she was constructively discharged without cause, reason or excuse and in a manner which violates both state and federal law as set forth herein.

8. On or about February, 2022, Plaintiff was suffering from various medical conditions which necessitated her request to exercise leave time from work under the Family Medical Leave Act (FMLA), which she requested from the Defendant.

9. Defendant is an employer within the coverage of the FMLA and is required by state and federal law to provide this type of authorized leave for employees.

10. Between February and March, 2022, Plaintiff attempted to secure and obtain leave time under the FMLA from her Defendant employer, however, the Defendant engaged in a willful, deliberate and unreasonable pattern of conduct and behavior to interfere with Plaintiff's FMLA leave request and/or to unreasonably deny or restrain Plaintiff's ability to obtain FMLA leave pursuant to state and federal law.

11. During the time frame of Plaintiff's request to obtain FMLA leave, the Defendant engaged in retaliatory conduct against Plaintiff by directing that her job position would be

demoted to a lesser position with less compensation.

12. Defendant directed that Plaintiff would either accept the demotion or be forced to resign from employment, said conduct occurring during the same time frame that Plaintiff was engaging in the protected activity of securing leave under the FMLA.

13. Plaintiff refused to accept the unreasonable demotion and on or about March, 2022, Plaintiff was wrongfully terminated by the Defendant in derogation to Plaintiff's rights to pursue her FMLA leave claim and in retaliation for Plaintiff engaging in a protected activity.

14. Defendant's conduct in terminating the Plaintiff constitutes (1) a willful, deliberate and unreasonable act in derogation to Plaintiff's rights to engage in a protected activity under the FMLA; (2) Defendant's conduct was retaliatory against the Plaintiff in violation of state and federal law; (3) an unreasonable interference with Plaintiff's lawful ability to obtain FMLA based leave and (4) a wrongful termination in violation of state and federal law.

15. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered harm, damages, lost wages and income and other harm to be determined by the Court.

## **FIRST CLAIM FOR RELIEF**
## **VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

16. Plaintiff realleges, readopts, and reincorporates the allegations contained in paragraphs 1 through 15 though fully set forth herein.

17. The Defendant is a private employer in excess of 50 overall employees and is therefore a covered employer under the Family Medical Leave Act (FMLA).

18. On or about February, 2022, Plaintiff suffered from serious health conditions which adversely impacted her physical and mental health during the time frame of her employment for the Defendant.

19. Plaintiff requested leave under the FMLA from the Defendant beginning in February, 2022.

20. Defendant engaged in adverse conduct and behavior which willfully, deliberately and

unreasonably interfered with Plaintiff's ability to apply for and obtain FMLA leave based on her qualifying serious health conditions.

21. Defendant also engaged in retaliatory conduct against the Plaintiff during the time frame of Plaintiff's request for protected FMLA leave by advising that her position as Executive Director was being demoted to a lesser position with lesser compensation or she would be forced to resign from her employment

22. Defendant's unreasonable FMLA interference and its retaliatory conduct against the Plaintiff caused the Plaintiff's wrongful termination and/or constructive discharge from her employment with the Defendant in March, 2022, said actions in violation of state and federal law.

23. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm and damages in an amount to be determined by the Court, and, to the extent that the Defendants' conduct was willful and malicious, Plaintiff seeks and award of punitive damages to deter such conduct in an amount to be determined by the Court.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION

24. Plaintiff realleges, readopts, and reincorporates the allegations contained in paragraphs 1 through 23 as though fully set forth herein.

25. Defendant is responsible for the supervision, training and employment of its agents to insure that said agents performed their duties and functions in accordance with company policies and applicable law.

26. Defendant negligently, willfully, carelessly and recklessly failed to properly supervise and train its employee supervisors, which caused direct harm to the Plaintiff as set forth herein.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm and damages in an amount to be determined by the Court, and, to the extent that the Defendant's conduct was willful and malicious, Plaintiff seeks and award of punitive damages to deter such conduct in an amount to be determined by the Court.

# THIRD CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Plaintiff realleges, readopts and reincorporates the allegations contained in paragraphs 1 through 27 as though fully set forth herein.

29. Defendants' conduct, as alleged herein, was outrageous and beyond the bounds of conduct usually tolerated in a civilized community and was done by Defendants with the intention to cause or reckless disregard of the probability of causing emotional distress to Plaintiff.

30. Defendant's unreasonable interference with Plaintiff's FMLA claim and Defendant's retaliatory conduct against Plaintiff caused Plaintiff to suffer severe and extreme emotional harm and suffering directly and proximately related to the Defendant's violations.

31  As a direct and proximate result of Defendant's intentional acts, Plaintiff suffered severe emotional distress and damages in an amount to be determined by the Court, and, to the extent that the Defendant's conduct was willful and malicious, Plaintiff seeks and award of punitive damages to deter such conduct in an amount to be determined by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For compensatory damages, including, but not limited to, future pecuniary losses, physical and emotional pain and suffering, physical discomfort, inconvenience, mental anguish and loss of enjoyment of life in a sum according to proof at trial.

2. For punitive and exemplary damages, if available, according to proof at trial.

3. For back pay and interest on back pay and front pay.

4. For loss of employment related benefits, including health care and retirement.

5. For damages as allowed pursuant to the FMLA, including liquidated damages;

6. For reasonable attorney's fees incurred herein.

7. For costs of suit and prejudgment interest.

8. For such other and further relief deemed appropriate by the Court.

Dated this 23rd day of May, 2022.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**JURY TRIAL DEMAND**

Pursuant to FRCP 38, Plaintiff hereby demands a trial by jury of all matters raised in the Complaint.

Dated this 23rd day of May, 2022.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby affirm that on this 23rd day of May, 2022, I served a copy of the foregoing via the CM/ECF system to the Defendant at the address below:

Joshua A. Sliker, Esq.
Jackson Lewis
300 S. Fourth St., Ste. 900
Las Vegas, NV 89101

/s/Kirk T. Kennedy
Law Office of Kirk T. Kennedy